Matter of Hollatz (2024 NY Slip Op 06198)

Matter of Hollatz

2024 NY Slip Op 06198

Decided on December 11, 2024

Appellate Division, Second Department

Per Curiam.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 11, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
BETSY BARROS
FRANCESCA E. CONNOLLY
JANICE A. TAYLOR, JJ.

2024-07615

[*1]In the Matter of Steve Emil Hollatz, admitted as Steve Emil Hollatz-Castillo, an attorney and counselor-at-law, respondent. (Attorney Registration No. 4971925)

APPLICATION pursuant to 22 NYCRR 1240.10 by Steve Emil Hollatz, who was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Third Judicial Department on October 26, 2011, under the name Steve Emil Hollatz-Castillo, to resign as an attorney and counselor-at-law.

Courtny Osterling, White Plains, NY (Thomas Graham Amon of counsel), for Grievance Committee for the Ninth Judicial District.
Steve Emil Hollatz, Scarsdale, NY, respondent pro se.

PER CURIAM.

OPINION & ORDER
The respondent, Steve Emil Hollatz, has submitted an affidavit sworn to on February 17, 2023, in support of his application to resign as an attorney and counselor-at-law (see 22 NYCRR 1240.10). The respondent acknowledges in his affidavit that he is currently the subject of an investigation by the Grievance Committee for the Ninth Judicial District, involving allegations that he misappropriated escrow funds. Specifically, between October 29, 2019, and January 14, 2020, the respondent misappropriated approximately $150,000 from clients Linda Peretz and Gerald Peretz (hereinafter together the Peretzes) for the respondent's personal use. Between December 2018 and January 2020, the respondent misappropriated approximately $200,000 in additional client funds pursuant to 24 other real estate matters. The respondent avers that he cannot successfully defend against the allegations based upon the facts and circumstances of his professional misconduct as described herein.
The respondent also avers that his resignation is freely and voluntarily tendered, without coercion or duress by anyone, and with full awareness of the consequences, including that the Court's acceptance and approval shall result in the entry of an order of disbarment striking his name from the roll of attorneys and counselors-at-law.
As to the issue of restitution, the respondent avers that there are no issues of restitution as all funds owed to the Peretzes were returned, and all other parties entitled to funds from the real estate matters that the respondent handled between December 2018 and January 2020 have also received their funds. Notwithstanding the absence of any restitution to be made, the respondent acknowledges that the resignation is submitted subject to any future application that may be made by the Grievance Committee for an order, pursuant to Judiciary Law § 90(6-a), directing that he make restitution or reimburse the Lawyers' Fund for Client Protection, and that he consents to the Court's continuing jurisdiction to make such an order.
The respondent also acknowledges and agrees that pending the issuance of an order [*2]accepting his resignation, he will not undertake to represent any new clients or accept any retainers for future legal services to be rendered and that there will be no transactional activity in any fiduciary account to which he has access, other than for payment of funds held therein on behalf of clients or others entitled to receive them.
Lastly, the respondent acknowledges that in the event the Court accepts his resignation, the order resulting therefrom and the records and documents filed in relation to the aforementioned allegations, including his affidavit, shall be deemed public records pursuant to Judiciary Law § 90(10).
The Grievance Committee recommends that the Court grant the respondent's application to resign.
Inasmuch as the respondent's application to resign complies with the requirements of 22 NYCRR 1240.10, the application is granted and, effective immediately, the respondent is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law.
LASALLE, P.J., DILLON, BARROS, CONNOLLY and TAYLOR, JJ., concur.
ORDERED that the application of the respondent, Steve Emil Hollatz, admitted as Steve Emil Hollatz-Castillo, to resign as an attorney and counselor-at-law is granted; and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Steve Emil Hollatz, admitted as Steve Emil Hollatz-Castillo, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, Steve Emil Hollatz, admitted as Steve Emil Hollatz-Castillo, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Steve Emil Hollatz, admitted as Steve Emil Hollatz-Castillo, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Steve Emil Hollatz, admitted as Steve Emil Hollatz-Castillo, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and he shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Darrell M. Joseph
Clerk of the Court